UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#10

CIVIL MINUTES - GENERAL

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge |
|---|---|
| Wendy Hernandez | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):** Order DENYING Plaintiff's motion to remand

Before the Court is Plaintiff Teausha Moffett's ("Plaintiff") motion to remand. *See* Dkt. # 10 ("*Mot.*"). Defendants Recording Radio Film Connection, Inc. ("Radio Connection") and James Petulla (collectively "Defendants") oppose this motion, *see* Dkt. # 12 ("*Opp.*"), and Plaintiff replied, *see* Dkt. # 13 ("*Reply*"). With the Court's leave, Defendants filed a sur-reply responding to arguments made for the first time in the reply brief. *See* Dkt. # 16 ("*Sur-Reply*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the moving papers, the Court **DENIES** the motion.

I.  Background

Defendants operate an "online college" that purports to provide training for individuals seeking work in the "recording, film, broadcasting and culinary industries." *See Complaint*, Dkt. # 1-1 ("*Compl.*"), ¶ 1. Plaintiff enrolled in Defendants' programs in 2012 and 2017. *See id.* ¶ 15. She now alleges that Defendants falsely represented the nature of the programs and the benefits that could follow from completing them. For example, Plaintiff contends that Defendants falsely advertised that enrollees would receive "'one-on-one' private training sessions with successful industry mentors" when no one-on-one sessions were actually provided. *See id.* ¶¶ 4–5. She further alleges that Defendants overstated their purported 72 percent job placement rate. *See id.* ¶ 9.

On March 8, 2019, Plaintiff filed this case in Los Angeles Superior Court on behalf of a putative class of "all persons who enrolled in the Programs from Radio Connection in California four years prior to the filing of this complaint through the present." *See id.* ¶ 47. The complaint asserts ten causes of action, including contract and fraud-related claims and claims for violations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

of the consumer protection statutes of all fifty states and the District of Columbia. *See generally id.*

On April 25, 2019, Defendants timely removed the case to this Court, asserting federal jurisdiction under the Class Action Fairness Act ("CAFA") and, alternatively, on the basis of traditional diversity jurisdiction over Plaintiff's individual claim. *See Notice of Removal*, Dkt. # 1 ("*NOR*"), ¶¶ 5–43. Plaintiff now moves to remand, arguing both that the Court lacks subject matter jurisdiction over the case and that a forum selection clause in the parties' contract requires the case to be heard in state court. *See generally Mot.*

II. Legal Standard

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks omitted). Under 28 U.S.C. § 1441, a defendant may remove a civil action from state court to federal district court only if the federal court has subject matter jurisdiction over the case. *See City of Chi. v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997) ("The propriety of removal thus depends on whether the case originally could have been filed in federal court."). The case shall be remanded to state court if at any time before final judgment it appears a removing court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991).

III. Discussion

The Court first addresses whether it has subject matter jurisdiction before turning to Plaintiff's argument about the forum selection clause.

A. CAFA Jurisdiction[1]

---

[1] Though the Notice of Removal asserts federal jurisdiction on the basis of both CAFA and traditional diversity, Plaintiff's initial motion argues only that the Court lacks jurisdiction under CAFA and does not discuss traditional diversity. *See generally Mot.* In reply, Plaintiff argues briefly, for the first time, that the Court also lacks diversity jurisdiction. *See Reply* 9:4–14. Because the Court concludes that it has jurisdiction under CAFA, it does not decide whether it also has traditional diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

CAFA provides federal jurisdiction over class actions in which (1) the amount in controversy exceeds $5 million, (2) there is minimal diversity between the parties, and (3) the number of proposed class members is at least 100. 28 U.S.C. § 1332(d)(2), (d)(5)(B). "Congress designed the terms of CAFA specifically to permit a defendant to remove certain class or mass actions into federal court . . . [and] intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). While "no antiremoval presumption attends cases invoking CAFA," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), "the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

Under CAFA, a defendant removing a case must file a notice of removal containing a "short and plain statement of the grounds for removal." *Dart Cherokee*, 135 S. Ct. at 553. In *Dart Cherokee*, the Supreme Cout clarified that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," unless the defendant's assertion is contested by the plaintiff. *Id.* at 554. Where, as here, a defendant's asserted amount in controversy is contested, "[e]vidence establishing the amount is required." *Id.* "In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 550. Ultimately, the defendant bears the burden of proving that the amount in controversy is met. *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 978 (9th Cir. 2013).

The parties do not dispute that there is minimal diversity between the parties because Plaintiff is a citizen of Texas and Defendant Petulla is a citizen of California. *See NOR* ¶¶ 12–13; *see generally Mot.* (not disputing this element). The only question is whether Defendants have adequately established that more than $5 million is in controversy in this putative class action. *See* 28 U.S.C. § 1332(d)(2).

The complaint does not specify the total damages sought on behalf of the class. Accordingly, when removing this case, Defendants' Notice of Removal was required to "include only a plausible allegation" that more than $5 million is in controversy. *Dart Cherokee*, 135 S. Ct. at 554. "For CAFA jurisdiction purposes, the amount in controversy is determined by the universe of what the plaintiff puts at-issue in the complaint." *Feao v. UFP Riverside, LLC*, No. CV 17-3080 PSG (JPRx), 2017 WL 2836207, at *2 (C.D. Cal. June 29, 2017) (cleaned up).

Here, there is no question that the Notice of Removal adequately alleged, based on the allegations in the complaint, that more than $5 million is in controversy. First, the complaint

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

alleges that Plaintiff and putative class members "paid approximately $12,000.00 or more depending on financing" to enroll in Defendants' programs. *See Compl.* ¶ 134. It further alleges that "Plaintiff had to pay a financing fee of 11.99% and an additional $1,000.00[] loan origination fee." *Id.* ¶ 135. Based on these allegations, Defendants' Notice of Removal alleges that Plaintiff paid at least $13,000 per course. *See NOR* ¶ 19. It contends that this is consistent with "publicly available information" stating that Defendants' "audio engineering courses range from $10,250 (without financing) to $14,250 (with financing)." *Id.* ¶ 20. As far as the size of the class, the complaint explicitly alleges that "[t]he Class consists of thousands of persons." *Compl.* ¶ 64. The Notice of Removal plausibly interprets this statement as alleging that the putative class consists of at least 2,000 members. *See NOR* ¶ 24.

With at least 2,000 class members suffering an average injury of $13,000, the Notice of Removal calculates that $26 million is in controversy on compensatory damages alone, even before taking Plaintiff's requested punitive damages and attorneys' fees into account. *See id.* ¶ 25. Plaintiff makes two arguments for why this calculation is insufficient.

First, Plaintiff contends vaguely that the tuition fees paid by the class members are not the proper measure of the amount in controversy. *See Mot.* 8:5–7. But this assertion is flatly contradicted by the complaint, which explicitly seeks "an order . . . disgorging all profits, benefits, and other compensation obtained by Defendants from their wrongful conduct" and "full damages . . . to restore any and all monies acquired by Defendant from Plaintiff and the Class members and general public, plus interest thereon." *Compl.* ¶¶ 164, 199. These allegations conclusively establish that the complaint seeks to recover, at a minimum, all money that the class members paid to Defendants. Accordingly, the tuition fees were an appropriate measure of the amount in controversy for each class member.

Second, Plaintiff complains that "Defendants fail[ed] to present any evidence" of the amount in controversy in their notice of removal. *See Mot.* 8:16–9:2. In support, she cites to several out-of-circuit cases that predated *Dart Cherokee*. *See id.* But these are no longer good law. *Dart Cherokee* made clear that actual evidence need not be submitted with a notice of removal; it must be produced "only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy requirement is met. 135 S. Ct. at 554.

Of course, once Plaintiff filed the current motion contesting the amount in controversy, Defendants *were* required to produce evidence supporting their allegations. *See id.* They did so. Specifically, Defendants submitted a declaration of Brian Kraft, the Chief Academic Officer and Chief Operating Officer of Defendant Radio Connection, stating that during the four preceding

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

years, Radio Connection "enrolled over 2,000 students nationwide in its broadcasting, film, recording, and culinary programs" and "collected over $10,000,000 in tuition fees from its students." *See Declaration of Brian Kraft*, Dkt. # 12-1, ¶¶ 2–3. Plaintiff has not contested this declaration in her reply, nor has she submitted any evidence of her own. Indeed, the reply brief does not address CAFA jurisdiction at all. Accordingly, the Court concludes on the basis of the evidence submitted by Defendants that at least $5 million is in controversy.

Finally, Plaintiff argues that Defendants have not established that the "local controversy" exception to CAFA does not apply. *See Mot.* 9:3–15. The local controversy exception "provides that 'a district court shall decline to exercise jurisdiction' over a class action in which the plaintiff class and at least one defendant meet certain characteristics that essentially make the case a local controversy." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1022 (9th Cir. 2007) (emphasis deleted) (quoting and describing 28 U.S.C. § 1332(d)(4)(A)).[2]

However, the burden of proving the applicability of this exception falls on the party objecting to CAFA jurisdiction—here, on Plaintiff. *Id.* at 1023–24. And importantly, the objecting party must produce *evidence*, not mere argument, sufficient to establish that the exception applies. *See Mondragon v. Capital One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013); *accord King v. Great Am. Chicken Corp.*, 903 F.3d 875, 878 (9th Cir. 2018). In her motion, Plaintiff speculates that "[b]ecause Defendants are headquartered and reside in California, it is more likely than not that most enrollees [in Defendants' programs] also reside in California." *See Mot.* 9:3–15. But "[a] jurisdictional finding of fact should be based on more than guesswork." *Mondragon*, 736 F.3d at 884. Because Plaintiff has not produced any evidence of the citizenship of the class members, she has not carried her burden of showing that the local controversy exception applies.

For the foregoing reasons, the Court concludes that Defendant has adequately established that there is federal jurisdiction over this case under CAFA. Accordingly, Plaintiff's motion to remand for lack of subject matter jurisdiction is **DENIED**.

B. <u>The Forum Selection Clause</u>

Plaintiff contends that a forum selection clause in contracts between Plaintiff and Defendants requires that this case be heard in state court. The clause reads:

---

[2] Plaintiff had initially also argued that CAFA's home-state exception applied, but she has conceded in reply that it does not. *See Reply* 3 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

> Any and all disputes, which may arise under this Agreement, will be subject to California Law and California will be the Forum State and have jurisdiction over any and all such disputes. Further venue for any disputes shall be in either the County of Los Angeles or Orange.

*See Declaration of Matthew T. Theriault*, Dkt. # 10-2, ¶ 4 ("*Forum Selection Clause*").

In interpreting forum selection clauses, the Ninth Circuit has distinguished between clauses that point to "courts of" a state and those that point to "courts in" a state. *See Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1206 (9th Cir. 2011). A clause requiring that a case be brought in the "courts of" a state or county limits jurisdiction to the state or county courts. *See id.* But a clause requiring that a case be heard in the "courts in" a state or county includes both state and federal courts, at least as long as there is a federal court physically located in the specified geographical area. *Id.*; *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1308–09 (9th Cir. 2019).

The second sentence of the clause at issue here provides that "venue for any disputes shall be in either the County of Los Angeles or Orange." *Forum Selection Clause*. It is clear under *Simonoff* and *City of Albany* that this sentence alone would allow for venue in federal court because it provides for the case to be heard "in" Los Angeles or Orange Counties and this Court is physically located in both of those counties.

Plaintiff contends, however, that the first sentence of the clause makes clear that venue lies only in state court. As recounted above, this sentence reads: "Any and all disputes, which may arise under this Agreement, will be subject to California law and California will be the Forum State and have jurisdiction over any and all such disputes." *See id.* Plaintiff argues that the references to California being the "Forum State" and "hav[ing] jurisdiction" must be interpreted to provide for exclusive jurisdiction in the state courts. *See Reply* 5:4–13.

But the Court agrees with Defendants that the forum selection clause does not mandate that the case be heard in state court. First, the clause providing that "California will be the Forum State" is best read as creating only a geographical limitation on where the case may be heard. Because this Court is located in California, the case is properly before it.

As for the statement that "California will . . . have jurisdiction over any and all disputes," the Ninth Circuit has held that a similar clause reading, "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-3319 PSG (KSx) | Date | July 18, 2019 |
|---|---|---|---|
| Title | Teausha Moffett v. Recording Radio Film Connection, Inc., et al. | | |

or the interpretation of this contract," operated only to vest the state court with personal jurisdiction, not to create *exclusive* jurisdiction in that court. *Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 76 (9th Cir. 1987). While the clause here refers to jurisdiction over "disputes" rather than "parties" and uses the word "will" instead of "shall," these differences are not material. *See Summit Foods, Inc. v. Viking Packaging Techs., Inc.*, No. 3:18-cv-1470-SI, 2018 WL 4690364, at *3 (D. Or. Sept. 28, 2018) (reaching the same conclusion in similar circumstances). *Hunt Wesson* therefore dictates that the clause in this case does not prevent this Court from exercising jurisdiction.

Plaintiff argues that any ambiguity in the forum selection clause must be construed against Defendants, as the drafters of the clause. *See Reply* 6:23–8:2. But the Court does not believe that this clause is fairly susceptible of Plaintiff's interpretation. *See Hunt Wesson*, 817 F.2d at 77 ("[I]n cases in which forum selection clauses have been held to require litigation in a particular court, the language of the clauses clearly required *exclusive* jurisdiction."). There is, therefore, no ambiguity here.

For the reasons stated above, the Court concludes that the forum selection clause does not mandate that this case be heard in state court. Accordingly, the motion to remand based on the forum selection clause is **DENIED**.

IV.    Conclusion

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED**.